UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: COUPEL, ET AL | CIVIL ACTION<br>NO: 16-1070<br>SECTION: "E" (4) |
| *Related Case:* | CIVIL ACTION |
| IN RE: COUPEL, ET AL | NO: 16-1075 |
| *Applies to: Both Cases* | SECTION: "E" (4) |

### REPORT & RECOMMENDATION

Before the Court are two **Motions for Attorneys' Fees (No. 16-1070, R. Doc. 41 & No. 16-1075, R. Doc. 43)** filed by Appellee, Elie Kfoury seeking an order from the Court to award him the attorneys' fees incurred by him in the filing and prosecution of his Motion for Contempt. R. Doc. 7.[1] The motion is opposed. R. Doc. 42.[2] This matter has been referred to the undersigned Magistrate Judge to determine the appropriate amount and to submit Proposed Findings and Recommendations. R. Doc. 38. In total, the Appellee seeks $41,192.00 in attorneys' fees and expenses.

### I. Background

The instant motions for attorneys' fees come in connection with an appeal of two judgments of the United States Bankruptcy Court for the Eastern District of Louisiana. R. Doc. 1.

---

[1] Before the undersigned are two identical motions for attorneys' fees No. 16-1070, R. Doc. 41 and No. 16-1075, R. Doc. 43. The identical motions are referred from a single order issued by the District Court (No. 16-1070, R. Doc. 38; No. 16-1075, R. Doc. 40) in relation to nearly identical motions for contempt (No. 16-1070, R. Doc. 7; No. 16-1075 R. Doc. 9). The undersigned will issue a single report and recommendation which applies to the identical motions from both cases, which will result in a single award.

[2] Unless otherwise specified, the documents referenced herein come from Docket No. 16-1070.

The dispute between the parties centers on a property dispute which has been the subject of litigation between the parties dating back to at least 2009. R. Doc. 41-1. In particular, the Appellee has alleged that a number of court judgments from the state court as well as the United States Bankruptcy courts have found that the Appellee has a valid right of passage over Appellant's property. R. Doc. 41-1, p. 1-4. On May 27, 2016, the Appellee filed two nearly identical motions for contempt alleging that the Appellants, Larry and Natalie Coupel, were acting in violation of the valid judgments of the United States Bankruptcy Court and state courts by not allowing the Appellee to exercise his predial servitude right of passage and by not furnishing to Appellee a key to the gate blocking the road over which he has a right of passage. No. 16-1070, R. Doc. 7; No. 16-1075 R. Doc. 9. On July 12, 2016, the District Court granted the Appellee's motion and found the Appellants in civil contempt. No. 16-1070, R. Doc. 38; No. 16-1075, R. Doc. 40. As part of its order granting the motion to compel, the District Court awarded "attorneys' fees to [Appellee] in connection with his motions for contempt." *Id.* at p. 2.

On July 22, 2016, the Appellee filed the instant motions for attorneys' fees. No. 16-1070, R. Doc. 41 and No. 16-1075, R. Doc. 43. Supplying an accounting of hours expended on the motion as well as affidavits attesting to the reasonableness of the rates charged, the Appellee requested that the Court award reasonable attorneys' fees and expenses in the amount of $41,192.00. R. Doc. 41, p. 4. The Appellee's motion was handled by Heller Draper Patrick Horn & Dabney and the Law Offices of Risley C. Triche, L.L.C. *Id.* On August 2, 2016, the Appellants filed an opposition to the motion for attorneys' fees objecting to a number of hours as not reasonably expended as well as the rate charged by one attorney for seemingly travel purposes. R. Doc. 42. Given that the motions are identical, the requests for attorneys' fees is duplicative. As such, the undersigned will

recommend the awarding of fees in *In re Coupel*, *et al,* No. 16-1070 and denying the request for fees as moot in *In Re Coupel*, *et al*, No. 16-1075.

## II. Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, "...provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[3] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and demonstrating the use of billing judgment. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp.

---

[3]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

### III.   Reasonable Hourly Rate

The "appropriate hourly rate. . .is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Note, "attorney travel time is typically compensated at 50% of the reasonable hourly rate." *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *4 (citing *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993)).

#### A.   Heller Draper Patrick Horn & Dabney

As proof of reasonableness of rates charged, the Appellee has submitted the affidavit of Douglas Draper. R. Doc. 41-2. For the work conducted by the Heller Draper Patrick Horn & Dabney ("HDPHD") Firm, the affidavit submitted by Mr. Draper states that the firm charged an hourly rate of $360 for work conducted by Mr. Draper, $300 for work conducted by Greta Brouphy, and $225 for work conducted by Pamela Hansen. R. Doc. 41-2, p. 5. Additionally, the affidavit lays out that Mr. Draper has been with his firm since 1997 practicing in the area of debtor

and creditor rights and that he is recognized as a Best Lawyer in 2016 Chambers and listed in Super Lawyers; Ms. Brouphy has 17 years of experience; and Ms. Hansen has 26 years of legal experience.

In the instant case, the Appellant does not oppose the hourly rates charged by HDPHD and they are *prima facie* reasonable. *Powell* 891 F.2d at 1173. The hourly rates of $360, $300, and $225 for Draper, Brouphy and Hansen, respectively, are presumed reasonable.

### B.     Law Offices of Risley C. Triche, L.L.C.

As proof of reasonableness of the rates charged, the Appellee has submitted the affidavit of Martin Triche. R. Doc. 41-3. For the work conducted by the Law Offices of Risley C. Triche, L.L.C. ("Triche Firm"), Mr. Triche states that the firm charged an hourly rate of $250 for work completed by Martin Triche, $150 for work completed by Sarah Legendre, and $75 for work completed by law clerk Sam Triche. R. Doc. 41-3, p. 3. The affidavit further lays out that Martin Triche is a partner with the Triche Firm and that he has been practicing since 1990, or 26 years. R. Doc. 41-3, p. 2.

In the instant case, the Appellant does not oppose the hourly rates charged by the Triche Firm and they are *prima facie* reasonable. *Powell* 891 F.2d at 1173. As such, the rates of $250, $150, and $75 for Martin Triche, Sarah Legendre, and Sam Triche, respectively, are presumed reasonable.

The Appellant does, however, challenge the rate charged for certain hours of travel time charged by Martin Triche. R. Doc. 42, p. 6-7. In the Triche Firm's billing statement, Martin Triche charged 5.6 hours for attendance at the motion for contempt hearing. R. Doc. 41-5, p. 2. In comparison, HDPHD charged for two hours for the appearance in Court that day. R. Doc. 41-4,

5

p. 7. The Appellant argues that the other time spent at the hearing must account for travel time to and from the hearing, R. Doc. 42, p. 6-7. The Court agrees. As such, because travel time is usually compensated at 50% of the reasonable hourly rate, the Court will only allow the additional 3.6 hours above the two hours for the appearance to be charged at the rate of $125 per hour.

### IV.  Hours Reasonably Spent on Litigation

Next, the court must determine whether 317.5 hours of time were reasonably expended on the litigation.  The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Henseley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434.

Precisely, the party seeking the award must show all hours spent on the case but not included in the fee request. *See Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir.1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgment". *Id.*  The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended.  *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.2d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'").  Overly vague explanations of hours expended may result in a reduction of hours used in the *Lodestar* calculation. *See Hagan v. MRS Assoc. Inc.*, 99–3749, 2001 WL 531119, at *5 (E.D. La. May 15, 2001) (quoting *Louisiana Power & Light Co. v. Kellstrom*,

50 F.3d 319, 327 (5th Cir. 1995)) ("Litigants 'take their chances' when submitting inadequately documented fee applications which provide little information from which to determine the reasonableness of the hours expended on tasks vaguely described or lumped together.").

### A. **Heller Draper Patrick Horn & Dabney**

Douglas Draper's affidavit states that Douglas Draper, Greta Brouphy, and Pamela Hansen completed 34.6 hours, 8.8 hours, and 56.7 hours, respectively. R. Doc. 41-2, p. 5. The hours stated match the hours listed on HDPHD's billing statement. R. Doc. 41-4.

The Appellants argue that the hours spent on the Appellee's motion to quash the deposition of the Appellee were not reasonably expended because the motion was based on an erroneous belief about the aims of the deposition. R. Doc. 42, p. 7. Moreover, Appellants point out that the motion to quash was ultimately denied as moot, and the Appellee was deposed. *Id.* at p. 4. Appellee argues that the motion to quash was reasonable and necessary to stop improper questioning and harassment of and unnecessary expense to the Appellee. Given that the motion was ultimately denied as moot, the Court finds that the hours were not reasonably expended. As such, the Court will deduct those hours spent on the motion to quash from the total hours expended. Douglas Draper's total hours will therefore be reduced by 1.25 hours, according to entries from July 3 and July 4, 2016. Pamela Hansen's total hours will be reduced by 39.55 hours, according to entries from June 29, June 30, July 1, July 3, July 4, and July 5, 2016. *See Smith v. Walthall County*, 157 F.R.D. 338, 393 (S.D. Miss. 1994) (finding hours expended in relation with motion later denied as moot were unreasonable) ("[I]nasmuch as this motion was never presented to the court, and the plaintiff did not succeed either on the merits of the motion or by filing the motion, the court finds that these hours should be eliminated from the overall lodestar calculation.").

Aside from Appellants' arguments, the Court does have some concerns about HDPHD's exercise of billing judgment. The billing statement provided by HDPHD has a number of instances of "block billing" for attorney Pamela Hansen R. Doc. 41-4, p. 9-12.[4] Block Billing is a "time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1283, n. 9 (10th Cir.1998)). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each task." *Id.* When presented with such block billing before, this Court has found a reduction in the amount of hours awarded to be appropriate. *See High-Tec Elc., Inc. of Delaware v. T&B Constr. & Elec. Serv., Inc.*, 2016 WL 3952089 at *3 (E.D. La. July, 22 2016) (Roby, M. J.) (reduction of 20%); *Harris v. Allstate Ins. Co.*, 2009 WL 86673, at *3 (E.D. La. Jan. 12, 2009) (Roby, M. J.) (reduction of 25% ); *Canon U.S.A., Inc.*, 2009 WL 35334, at *5 (Roby, M. J.) (reduction of 25%); *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F.Supp.2d 279 (E.D. La. 2008) (Roby, M. J.).

As such, the Court will reduce the amount of hours block-billed by Pamela Hansen by 20%. From the billing statement, 1.25 hours for the June 2, 2016 and June 4, 2016 were not blocked billed; all other hours—exclusive of the hours reduced in connection with the motion to quash—

---

[4] Here, HDPHD's billing statement for Pamela Hansen's work is replete with block billing. For example, the entry for July 6, 2016 states in single entry that the work completed includes:

> Review transcript of criminal trespass hearing for use in motion in limine; add transcript to memo; research difference between res judicata and collateral estoppel; research Louisiana issue preclusion and pull cases for memo in support; revise memo; research issue on subpoena service outside of court's district; discuss same with D. Draper; review and revise memo again; draft notice of submission, call court to confirm magistrate or judge setting; revise motion in limine; correct deficiency with motion to quash and refile.

R. Doc. 41-4, p. 11.

for Pamela Hansen totaling 15.9 hours were block billed. After the 20% reduction of the 15.9 hours to 12.72 hours, the Court finds that the total hours reasonably expended by Pamela Hansen to be 13.97 hours.

Therefore, the Court finds that the reasonable hours expended by the attorneys from the HDPHD to be: 33.35 hours for Douglas Draper, 8.8 hours for Greta Brouphy, and 13.97 hours for Pamela Hansen.

### B. Law Offices of Risley C. Triche, L.L.C.

Martin Triche's affidavit states that Martin Triche, Sarah Legendre, and Sam Triche completed 46.92 hours, 4 hours, and 20 hours respectively. R. Doc. 41-3, p. 3. The Triche Firm also provided a billing statement of the hours billed. R. Doc. 41-5. On review of the billing statement, the Court finds that the billed hours for Sarah Legendre should only be two hours because that is all that is listed in the billing statement. R. Doc. 41-5, p. 2. Moreover, the Court will also reduce the hours expended by Sam Triche to ten hours because that is all that is listed in the billing statement. R. Doc. 41-5, p. 1-2.

The Appellants object to a number of hours claimed by the Triche Firm as unreasonably expended. First, the Appellants challenge the work completed by the Triche Firm attorneys working on a witness deposition as "not reasonably expended" and "unnecessary." R. Doc. 42, p. 6. The Court does not find the preparation for a non-party deposition as time unreasonably expended. *See Coppola v. Bear Stearns & Co., Inc.*, No. 1:02-CV-1581, 2005 WL 3159600, at \*8-9 (N.D.N.Y. Nov. 16, 2005) (finding hours expended preparing for non-party witness reasonable). The Court also finds that the hours expended in preparation for that deposition to be reasonable. The billing statement states that the Triche Firm spent a total of 6 hours on June 29 and June 30,

2016 preparing for the witness's deposition. R. Doc. 41-5, p. 2. This is not an unreasonable amount of time.

Second, the Appellant objects that a number of entries in the billing statement are overly vague. R. Doc. 42, p. 5. In particular, the Appellant points to a number of entries on the billing statement that merely state "research." *Id.* In reply, the Appellee attempts to clarify the billing statement of the Triche Frim that research conducted by the law clerk was into such areas as standards and burdens of proof. R. Doc. 47, p. 8. Nonetheless, the entries on the billing statement for the ninth, fourteenth and twenty-eighth of June 2016 are overly vague stating only "research." R. Doc. 41-5, p. 1-2. In prior cases, courts have reduced the numbers of hours expended by a percentage where the entries were vague. *See Hagan,* 2001 WL 531119, at *5 (compiling cases where hours reduced by percentages ranging from ten percent to twenty-five percent for vague entries on billing statements). Given the vague statements as well as the lack of demonstrated billing judgment, the Court finds a fifteen percent reduction in the vague hours recorded to be an appropriate reduction. As such, Sam Triche's hours will be reduced from 10 hours to 8.5 hours for the vague entries attributed to him. Martin Triche's hours will be reduced by .3 hours—a fifteen percent reduction based on the one vague entry for two hours of "research" attributable to him on June 9, 2016.

Therefore, the Court finds that the reasonable hours expended by the attorneys from the Triche firm to be: 46.62 hours for Martin Triche; 2 hours for Sarah Legendre; and 8.5 hours for Sam Triche.

## V. *Lodestar* Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each firm as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---:|---:|---:|
| Douglas Draper | $360.00 | 33.35 | $12,006.00 |
| Greta Brouphy | $300.00 | 8.80 | $2,640.00 |
| Pamela Hansen | $225.00 | 13.97 | $3,143.25 |
|  |  | Subtotal: | **$17,789.25** |
|  |  |  |  |
| Martin Triche | $250.00 | 43.02 | $10,755.00 |
| Martin Triche (travel) | $125.00 | 3.60 | $450.00 |
| Sarah Legendre | $150.00 | 2.00 | $300.00 |
| Sam Triche (Law Clerk) | $75.00 | 8.50 | $637.50 |
|  |  | Subtotal: | **$12,142.50** |

Given that the reasonable fees are **$17,789.25** for HDPHD and **$12,142.50** for the Triche firm, the total *Lodestar* amount then is **$29,931.75**.

## VI. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally,

11

to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## VII. Expenses

The Appellee additionally requests $183.50[5] in expenses incurred by the Triche firm for copies made and for mileage to New Orleans. R. Doc. 41-5, p. 3. After review, the Court finds these expenses reasonable and will award them. As such, combined with the *Lodestar* amount, the Court will award a total of $30,115.25 to the Appellee.

## VIII. Recommendation

Accordingly,

**IT IS RECOMMENDED** that Appellee's **Motions for Attorneys' Fees (No. 16-1070, R. Doc. 41)** be **GRANTED** and that Elie Kfoury be awarded a single amount of **$30,115.25** in attorneys' fees and expenses.

**IT IS FURTHER RECOMMENDED** that Appellee's **Motions for Attorneys' Fees (No. 16-1075, R. Doc. 43)** be **DENIED AS MOOT.** This request for fees is duplicative of the request for fees granted in connection with Motions for Attorneys' Fees (No. 16-1070, R. Doc. 41).

**IT IS FURTHER RECOMMENDED** that Larry L. Coupel and Natalie A. Coupel satisfy their obligation to Kfoury no later than **twenty-one (21) days** after the adoption of this Report and Recommendation by the District Judge.

---

[5] The expenses listed were: $75.00 in color copies; $12.50 in regular copies; $81.00 for mileage for travel to New Orleans for the hearing on the motion for contempt (150 miles at $.54 per mile); and $15 for parking during the hearing.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of September 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**